IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv128

| | |
|---|---|
| DANIE A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| TRIAD DESIGN GROUP, P.A., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court are the Motions to Dismiss [# 17 & # 20] filed by Defendants. This action stems from Defendants' alleged copying and unsanctioned use of architectural designs for a manufacturing facility prepared by Plaintiff. Plaintiff brought this action alleging copyright infringement, contributory infringement of copyrights, and seizure of articles. Plaintiff seeks an injunction and actual damages or, in the alternative, statutory damages under 17 U.S.C. § 504(c). Finally, Plaintiff seeks an award of attorney's fees pursuant to 17 U.S.C. § 505. Defendants move to dismiss Plaintiff's claims for statutory damages and attorney fees. The Court **RECOMMENDS** that the District Court **GRANT** the motions [# 17 & # 20].

**I.     Background**

Plaintiff is a North Carolina resident and the holder of two copyrights. (Pl.'s Compl. ¶¶ 1, 18.) Defendant Samet Corporation ("Samet") is a North Carolina corporation in the business of providing construction contracting services. (Id. ¶ 2.) Defendant Triad Design Group, P.A. ("Triad") is a North Carolina professional corporation that provides engineering and architectural services to third parties. (Id. ¶ 3.) Defendant L. Allan Hill is a professional engineer. (Id. ¶ 4.) Defendant John Parrott Waren is a licensed architect. (Id. ¶ 5.)

At some point, third party Nypro, Inc. ("Nypro") decided to undertake an expansion of its manufacturing facility in Arden, North Carolina. (Id. ¶ 8.) Nypro contacted Defendant Samet about serving as the general contractor for the expansion. (Id.) Defendant Samet then hired Defendant Triad to design the preliminary site and building plans for the expanded facility. (Id. ¶ 9.) Defendant Samet presented Nypro with a preliminary cost estimate of approximately $14 million for the construction of the expanded facility. (Id. ¶ 10.)

After receiving Defendant Samet's cost estimate for the project, Nypro contacted Plaintiff about whether there was another design that could cut the project's costs while still satisfying Nypro's need for expanded production. (Id. ¶ 11.) Plaintiff then developed an original design plan and technical drawings for Nypro's expansion (the "Design Plan") that were significantly less expensive than

2

the plan prepared by Defendant Triad. (Id. ¶¶ 9, 12-13.) Plaintiff provided this Design Plan to Nypro. (Id. ¶¶ 14-15.)

Nypro awarded the construction contract for the expanded facility to Defendant Samet. (Id. ¶ 21.) The plans for the expanded facility, however, were based on Plaintiff's Design Plan. (Id.) Plaintiff alleges that Nypro provided Defendants Samet and Triad with copies of the Design Plan, and that Defendants used the Design Plan without Plaintiff's permission. (Id. ¶ 20.)

On August 23, 2010, Defendant Samet filed a conditional use permit with Buncombe County (the "County") based on plans prepared by Defendant Triad. Defendant Samet later submitted a second set of plans to the County, which Defendant Triad copied from Plaintiff's Design Plan. (Id. ¶ 17.) On or before September 8, 2010, the County approved a conditional use permit based on Plaintiff's Design Plan submitted to the County by Defendant Samet. (Id.)

Subsequently, on November 18, 2010, Plaintiff filed for two copyrights of his Design Plan. (Id. ¶ 18.) The effective date of registration for both copyrights is November 24, 2010. (Id.) The County then issued a building permit for the construction of the expanded facility on February 7, 2011. (Id. ¶ 22.) This permit was based on drawings and plans prepared by Defendant Triad that were substantially similar to Plaintiff's Design Plan. (Id. ¶¶ 22-23.) This action ensued.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S.

____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

The Copyright Act of 1976 protects the original work of authors and inventors from exploitation by others. See Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 842 (11th Cir. 1990). Original architectural drawings are subject to copyright protection as both an architectural work and a technical drawing. Thomas v. Artino, 723 F. Supp. 2d 822, 830 (D. Md. 2010); 17 U.S.C. § 102(a)(8); see also Johnson v. Jones, 149 F.3d 494, 499 (6th Cir. 1998);

5

T-Peg, Inc. v. Vermont Timber Works, Inc., 459 F.3d 97, 109-10 (1st Cir. 2006). In order to establish copyright infringement, Plaintiff must demonstrate: (1) ownership of a valid copyright; and (2) that the Defendants copied the "constituent elements of the works that are original." Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991).

An individual who infringes the copyright of another is liable for either: (1) the copyright owner's actual damages and the additional profits of the infringer; or (2) statutory damages. 17 U.S.C. § 504(a); Iconbazaar, L.L.C. v. America Online, Inc., 378 F. Supp. 2d 592, 594 (M.D.N.C. 2005). In addition, the Court may award the reasonable attorney's fees to the prevailing party. 17 U.S.C. § 505. A plaintiff, however, may not recover statutory damages or attorney's fees for any infringement of a copyright in an unpublished work such as Plaintiff's Design Plan, where the infringement "commenced" prior to the effective date of the registration of the copyright. 17 U.S.C. § 412(1); Jones, 149 F.3d at 504-5; Mason v. Montgomery Data, Inc., 967 F.2d 135, 144 (5th Cir. 1992); X-IT Prods., L.L.C. v. Walter Kidde Portable Equip., Inc., 227 F. Supp. 2d 494, 527-28 (E.D. Va. 2002). This is true even if "the infringement continues *after* the effective date of the copyright registration." Walter Kidde, 227 F. Supp. 2d at 528 (emphasis in original); see also Bouchat v. Bon-Ton Dept. Stores, Inc., 506 F.3d 315, 330 (4th

Cir. 2007); Johnson v. Univ. of Va., 606 F. Supp. 2d 321, 325 (W.D. Va. 1985). Thus, the pertinent question is when did the infringement "commence" within the meaning of Section 412. 17 U.S.C. § 412(1); Bouchat, 506 F.3d at 330; Walter Kidde, 227 F. Supp. 2d at 528; Jones, 149 F.3d at 20.

The effective date of the copyright registration for the Design Plan is November 24, 2010. (Pl.'s Compl. ¶ 18.) Defendant Triad, however, allegedly copied the Design Plan, which Defendant Samet then submitted to the County to obtain a permit, some time prior to September 8, 2010. (Id. ¶ 17.) As the United States Court of Appeals for the Sixth Circuit explained in Jones, "[e]very court to consider this question has come to the same conclusion; namely that infringement 'commences' . . . when the first act in a series of acts constituting continuing infringement occurs." 149 F.3d at 506; see also Bouchat, 506 F.3d at 330.

Here, the alleged infringement "commenced" when Defendants copied Plaintiff's Design Plan, and this first act occurred prior to the effective registration of Plaintiff's copyrights. The fact that the infringement may have continued after November 24, 2010 - when Defendant Samet began construction of the expanded facility or submitted an application for a construction permit based on the Design Plan - does not alter the fact that the infringement had already commenced within the meaning of Section 412. See Bouchat, 506 F.3d at 330 ("The post-registration

activities make no difference."); Walter Kidde, 227 F. Supp. 2d at 528; Phoenix Renovation Corp. v. Rodriquez, 461 F. Supp. 2d 411, 422 (E.D. Va. 2006). Rather, the later acts are a continuation of the infringing scheme that commenced prior to the effective date of the registration. See Morgan v. Hawthorne Homes, Inc., Nos. 04-1809, 07-803, 2011 WL 2181385, at *3 (W.D. Pa. Jun. 2, 2011) (holding that infringement commenced with the pre-registration copying of drawings, and that the post registration construction of a home according to the copied plans was part of one continuing infringement for purposes of Section 412). Because the infringement alleged in the Complaint commenced prior to the effective date of Plaintiff's copyrights, Plaintiff may not recover statutory damages or attorney's fees.

Guillot-Vogt Assocs., Inc. v. Holly & Smith, 848 F. Supp. 682, 686-87 (E.D. La. 1994), does not dictate a different result. In Guillot, the Court denied a motion to dismiss a plaintiff's claim for statutory damages and attorney's fees, finding that an alleged act of post-registration infringement might constitute another "type" of infringement when it violates a different right protected by the Copyright Act from the alleged pre-registration act of infringement. 848 F. Supp. at 691. Even assuming that the Court would follow the legal theory set forth in Guillot, Plaintiff's Complaint does not set forth allegations supporting a claim that any post-

registration infringement is of a different "type" than the pre-registration infringement. See CHM Indus., Inc. v. Structural & Steel Prods., Inc., No. 4:08cv454, 2008 WL 4777679, at *4 (N.D. Tex. Oct. 27, 2008); Secunda v. Time Warner Cable of New York City, No. 95civ0671, 1995 WL 675464, at *2 (S.D.N.Y. Nov. 14, 1995). Finally, Plaintiff may not "point to the need for discovery to stave of dismissal under 12(b)(6)." CHM Indus., 2008 WL 4777678, at *4. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Defendants' motions [# 17 & # 20].

IV. **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Defendants' Motions to Dismiss [# 17 & # 20] and **DISMISS** Plaintiff's claims for statutory damages and attorney's fees.

Signed: December 29, 2011

**Ti**

Dennis L. Howell
United States Magistrate Judge



The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).